JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS

Litigation Support Services, LLC

### DEFENDANTS

Arkadiy Lyampert, Elena Lyampert, Anna Lyampert, EAA Investments LLC, VRLA Tech LLC, Valley View Grantor Retained Income Trust, and Second Valley View Grantor Retained Income Trust

**(b)** County of Residence of First Listed Plaintiff    Bucks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Bochetto & Lentz, PC
1524 Locust Street, Philadelphia, PA 19102
215-735-3900

Attorneys *(If Known)*
Cornerstone Law Firm, LLC
8500 Allentown Pike, Suite 3, Blandon, PA 19510
610-926-7875

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*     *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☒ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

### VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §1441, §1332, §1446

Brief description of cause:
Alleged breach of contract

### VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
> 75,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☐ Yes   ☒ No

### VIII. RELATED CASE(S) IF ANY

*(See instructions)*

JUDGE _____ DOCKET NUMBER _____

DATE   4/11/2019

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JS 44 Reverse  (Rev. 06/17)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**     **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

    **(b)**     **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

    **(c)**     **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**     **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. **(See Section III below; NOTE: federal question actions take precedence over diversity cases.)**

**III.**     **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**     **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: <u>Nature of Suit Code Descriptions</u>.

**V.**     **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**     **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**     **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**     **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Litigation Support Services, LLC     :     CIVIL ACTION
             v.     :
Arkadiy Lyampert, et al.     :     NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     ( X )

| | | |
|---|---|---|
| 4/11/2019 | | David W. Crossett, Esquire |
| **Date** | **Attorney-at-law** | **Attorney for** Defendants |
| 610-926-7875 | 484-930-0054 | david@cornerstonelaw.us |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## Civil Justice Expense and Delay Reduction Plan
## Section 1:03 – Assignment to a Management Track

(a)        The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)        In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)        The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)        Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)        Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
## (See §1.02 (e) Management Track Definitions of the
## Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**19    1574**

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 1300 Industrial Blvd., Suite 203, Southampton, PA 18966

Address of Defendant: _____ 25531 Prado De Azul, Calabasas, CA 91302

Place of Accident, Incident or Transaction: _____ California

---

**RELATED CASE, IF ANY:**

Case Number: _____ N/A _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☐

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE 04/12/2019 _____ _____ 313031
_____ Attorney-at-Law / Pro Se Plaintiff _____ Attorney I.D. # (if applicable)

---

**CIVIL: (Place a √ in one category only)**

**A.    Federal Question Cases:**

☐ 1.  Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2.  FELA
☐ 3.  Jones Act-Personal Injury
☐ 4.  Antitrust
☐ 5.  Patent
☐ 6.  Labor-Management Relations
☐ 7.  Civil Rights
☐ 8.  Habeas Corpus
☐ 9.  Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
_____ (Please specify) _____

**B.    Diversity Jurisdiction Cases:**

☑ 1.  Insurance Contract and Other Contracts
☐ 2.  Airplane Personal Injury
☐ 3.  Assault, Defamation
☐ 4.  Marine Personal Injury
☐ 5.  Motor Vehicle Personal Injury
☐ 6.  Other Personal Injury *(Please specify)* _____
☐ 7.  Products Liability
☐ 8.  Products Liability – Asbestos
☐ 9.  All other Diversity Cases
_____ (Please specify): _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ David W. Crossett, Esq., Counsel for Defendants _____ , counsel of record or pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

**APR 11 2019**

DATE 04/12/2019 _____ _____ 313031
_____ Attorney-at-Law / Pro Se Plaintiff _____ Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38

UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LITIGATION SUPPORT SERVICES, LLC : | | |
| Plaintiff, : | | |
| : | | |
| v. : | | |
| : | Civil Action No.: | |
| ARKADIY LYAMPERT; : | | |
| and : | | |
| ELENA LYAMPERT; : | | |
| and : | | |
| ANNA LYAMPERT; : | | |
| and : | | |
| EAA INVESTMENTS, LLC; : | | |
| and : | | |
| VRLA TECH, LLC; : | | |
| and : | | |
| VALLEY VIEW GRANTOR RETAINED : | JURY TRIAL DEMANDED | |
| INCOME TRUST; : | | |
| and : | | |
| SECOND VALLEY VIEW GRANTOR : | | |
| RETAINED INCOME TRUST, : | | |
| Defendants. : | | |

## NOTICE OF REMOVAL

Defendants, Arkadiy Lyampert, Elena Lyampert, Anna Lyampert, EAA Investments, LLC, VRLA Tech, LLC, Valley View Grantor Retained Income Trust, and Second Valley View Grantor Retained Income Trust (collectively "Defendants"), by and through their undersigned counsel, file this Notice of Removal pursuant to 28 U.S.C. § 1441 and remove this action from the Court of Common Pleas of Philadelphia County, Pennsylvania, where it is now pending, to the United States District Court for the Eastern District of Pennsylvania. Defendants, in support thereof, aver as follows:

1.      Plaintiff, Litigation Support Services, LLC, filed a Praecipe for Writ of Summons and a Writ of Summons issued against Defendants in the Court of Common Pleas of Philadelphia

County on February 14, 2019. A true and correct copy of the same is attached hereto as Exhibit "A."

2.    Plaintiff filed a Complaint against Defendants in the Court of Common Pleas of Philadelphia County on March 14, 2019. A true and correct copy of the Complaint is attached hereto as Exhibit "B."

### Allegations in the Complaint

3.    As shown in Exhibit B, Plaintiff brings claims against Defendants and seeks relief as follows:

COUNT I -      Order compelling Arbitration

COUNT II -     Breach of Contract (Monthly LSS Fees) (damages in the amount of $227,000)

COUNT III -    Breach of Contract (First Milestone Bonus) (damages in the amount of $525,000)

COUNT IV -     Breach of Contract (Second Milestone Bonus) (damages in the amount of $525,000)

COUNT V -      Breach of Contract (Recovery Bonus) (damages in the amount of $196,000)

COUNT VI -     Anticipatory Breach of Contract (Third Milestone Bonus) (damages in the amount of $525,000)

COUNT VII -    Anticipatory Breach of Contract (Future Recovery Bonus Amounts) (no amount of damages specified)

4.    Plaintiff's claims are based on its allegations that Defendants have breached a contract for services with Plaintiff under a written "Long-Term Engagement Agreement" dated

March 14, 2016 referenced in paragraph 4 of Plaintiff's Complaint. Plaintiff failed to attach the written agreement to the Complaint.

5.      Defendants have not filed any pleadings in the Court of Common Pleas in response to the Complaint.

## Grounds for Removal to Federal Court

6.      Pursuant to 28 U.S.C. §§ 1332(a) and 1441(a) removal of the Complaint to this District is appropriate because this Court has original jurisdiction based upon complete diversity of the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7.      Pursuant to 28 U.S.C. § 1332(a)(1), "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . Citizens of different States."

8.      Plaintiff and its members are not citizens of the State of California, whereas the Defendants are citizens of the State of California.

9.      Where some of the parties are limited liability companies, the Third Circuit has held that "the citizenship of an LLC is determined by the citizenship of its members." Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F. 3d 412, 420 (3d Cir. 2010).

10.     Plaintiff, Litigation Support Services, LLC, is a registered Pennsylvania Limited Liability Company with an address of 1300 Industrial Blvd., Suite 203, Southampton, PA 18966. See Complaint paragraph 6.

11.     None of the members of Litigation Support Services, LLC are citizens of the State of California.

12.     Upon information and belief, the members of Litigation Support Services, LLC are Irina Vilk and Andrew Mogilyansky.

3

13. Upon information and belief, Irina Vilk is a citizen of the Commonwealth of Pennsylvania and domiciled in Bucks County, Pennsylvania.

14. Upon information and belief, Andrew Mogilyansky is a citizen of the Commonwealth of Pennsylvania and domiciled in Bucks County, Pennsylvania.

15. Defendant, Arkadiy Lyampert, is a citizen of California and domiciled in California.

16. Defendant, Elena Lyampert, is a citizen of California and domiciled in California.

17. Defendant, Anna Lyampert, is a citizen of California and domiciled in California.

18. None of the members of Defendant EAA Investments, LLC are citizens of the Commonwealth of Pennsylvania.

19. Defendant, EAA Investments LLC, is a Limited Liability Company registered in Delaware and California with its principal place of business in Calabasas, California. There are two members of EAA Investments LLC, who are Elena Lyampert and Anna Lyampert.

   a. Member, Elena Lyampert, is a citizen of California and is domiciled in California.

   b. Member, Anna Lyampert, is a citizen of California and is domiciled in California.

20. None of the members of Defendant, VRLA Tech, LLC, are citizens of the Commonwealth of Pennsylvania.

21. Defendant, VRLA Tech, LLC, is a Limited Liability Company registered in California with its principal place of business in Canoga Park, California. There are three members of VRLA Tech, LLC, who are Emil Grazovski, Anna Lyampert, and Arkadiy Lyampert.

   a. Member, Emil Grazovski, is a citizen of California and is domiciled in California.

   b. Member, Anna Lyampert, is a citizen of California and is domiciled in California.

4

    c.   Member, Arkadiy Lyampert, is a citizen of California and is domiciled in California.

22.    None of the beneficiaries or the trustee of Defendant, Valley View Grantor Retained Income Trust, are citizens of the Commonwealth of Pennsylvania.

23.    Defendant, Valley View Grantor Retained Income Trust, is a California trust with one trustee, Elena Lyampert. Elena Lyampert is a citizen of California and also domiciled in California.

24.    The beneficiaries of Valley View Grantor Retained Trust and their domiciles are as follows:

    a.   Arkadiy Lyampert, a citizen of California and domiciled in California.

25.    None of the beneficiaries or the trustee of Defendant, Second Valley View Grantor Retained Income Trust, are citizens of the Commonwealth of Pennsylvania.

26.    Defendant, Second Valley View Grantor Retained Income Trust, is a California trust with one trustee, Elena Lyampert. Elena Lyampert is a citizen of California and also domiciled in California.

27.    The beneficiaries of Second Valley View Grantor Retained Trust and their domiciles are as follows:

    a.   Elena Lyampert, a citizen of California and domiciled in California.

28.    Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

29.     Pursuant to 28 U.S.C. § 1441(a), the United States District Court for the Eastern District of Pennsylvania is the District having jurisdiction in this matter based upon the venue where the Complaint was filed; to wit, Philadelphia County, Pennsylvania. (See Exhibit "B.")

## Removal Is Timely and Appropriate

30.     Removal is timely pursuant to 28 U.S.C. § 1446(b) because Plaintiff filed the Complaint on March 14, 2019 and Defendants received it on March 18, 2019. Defendants have filed this instant Notice of Removal within 30 days of receipt of the initial pleading.

31.     The U.S. Court of Appeals for the Third Circuit held that "a writ of summons alone can no longer be the 'initial pleading' that triggers the 30-day period for removal under the first paragraph of 28 U.S.C. § 1446(b)." Sikirica v. Nationwide Ins., 416 F.3d 214, 223 (3d Cir. 2005) (recognizing abrogation of Foster v. Mut. Fire, Marine & Inland Ins., 986 F.2d 48 (3d Cir. 1993)). Only the civil complaint qualifies as the "initial pleading." Id.

32.     A year has not lapsed since the commencement of the action.

33.     Contemporaneous with the filing of this Notice of Removal, Defendants filed copies of the Notice of Removal and any related papers with the Prothonotary for the Court of Common Pleas of Philadelphia County, Pennsylvania. See 28 U.S.C. § 1446(d).

34.     Contemporaneous with the filing of this Notice of Removal, Defendants gave written notice of the filing of this Notice of Removal to counsel for Plaintiff. See 28 U.C.S. § 1446(d).

WHEREFORE, pursuant to 28 U.S.C. §§ 133, 1441 and 1446, Defendants, Arkadiy Lyampert, Elena Lyampert, Anna Lyampert, EAA Investments, LLC, VRLA Tech, LLC, Valley View Grantor Retained Income Trust, and Second Valley View Grantor Retained Income Trust, respectfully request that this action be removed from the Court of Common Pleas of Philadelphia

County, Pennsylvania, to the United States District Court for the Eastern District of

Pennsylvania.

Respectfully submitted,
CORNERSTONE LAW FIRM, LLC

Dated: April 11, 2019                    By: _____

David W. Crossett, Esquire
Penna. Attorney ID 313031
8500 Allentown Pike
Suite 3
Blandon, PA 19510
(610) 926-7875
david@cornerstonelaw.us

7

# Exhibit A
Writ of Summons
Litigation Support Services, LLC v. Arkadiy Lyampert et. al.
United States District Court for the Eastern District of Pennsylvania

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

**FEBRUARY 2019**

For Prothonotary Use Only (Docket Number)

E-Filed 1902028860

**001189**

| | |
|---|---|
| PLAINTIFF'S NAME<br>LITIGATION SUPPORT SERVICES, LLC | DEFENDANT'S NAME<br>ARKADIY LYAMPERT |
| PLAINTIFF'S ADDRESS<br>1300 INDUSTRIAL BOULEVARD SUITE 203<br>SOUTHAMPTON PA 18966 | DEFENDANT'S ADDRESS<br>25531 PRADO DE AZUL<br>CALABASAS CA 91302 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>ELENA LYAMPERT |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>25531 PRADO DE AZUL<br>CALABASAS CA 91302 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>ANNA LYAMPERT |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>25531 PRADO DE AZUL<br>CALABASAS CA 91302 |

| TOTAL NUMBER OF PLAINTIFFS<br>1 | TOTAL NUMBER OF DEFENDANTS<br>7 | COMMENCEMENT OF ACTION |
|---|---|---|

COMMENCEMENT OF ACTION:
☐ Complaint  ☐ Petition Action  ☐ Notice of Appeal
☒ Writ of Summons  ☐ Transfer From Other Jurisdictions

AMOUNT IN CONTROVERSY:
☐ $50,000.00 or less
☒ More than $50,000.00

COURT PROGRAMS:
☐ Arbitration  ☐ Mass Tort  ☒ Commerce  ☐ Settlement
☐ Jury  ☐ Savings Action  ☐ Minor Court Appeal  ☐ Minors
☐ Non-Jury  ☐ Petition  ☐ Statutory Appeals  ☐ W/D/Survival
☐ Other:

CASE TYPE AND CODE
KT - DISPUTE RE: BUSINESS TORT

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)
Litigation Support Services Vs Lyampert Etal-WRSUM

IS CASE SUBJECT TO COORDINATION ORDER?
YES   NO

19020118900002

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: LITIGATION SUPPORT SERVICES, LLC
Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>GEORGE BOCHETTO | ADDRESS<br>BOCHETTO & LENTZ, P.C.<br>1524 LOCUST STREET<br>PHILADELPHIA PA 19102 |
|---|---|
| PHONE NUMBER<br>(215)735-3900 | FAX NUMBER<br>(215)735-2455 | |
| SUPREME COURT IDENTIFICATION NO.<br>27783 | E-MAIL ADDRESS<br>gbochetto@bochettoandlentz.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>GEORGE BOCHETTO | DATE SUBMITTED<br>Thursday, February 14, 2019, 08:53 am |

PRELIMINARY COPY

## COMMERCE PROGRAM ADDENDUM
## TO CIVIL COVER SHEET

This case is subject to the Commerce Program because it is not an arbitration matter and it falls within one or more of the following types (check all applicable):

1. Actions relating to the internal affairs or governance, dissolution or liquidation, rights or obligations between or among owners (shareholders, partners, members), or liability or indemnity of managers (officers, directors, managers, trustees, or members or partners functioning as managers) of business corporations, partnerships, limited partnerships, limited liability companies or partnerships, professional associations, business trusts, joint ventures or other business enterprises, including but not limited to any actions involving interpretation of the rights or obligations under the organic law (e.g., Pa. Business Corporation Law), articles of incorporation, by-laws or agreements governing such enterprises;

**X** 2. Disputes between or among two or more business enterprises relating to transactions, business relationships or contracts between or among the business enterprises. Examples of such transactions, relationships and contracts include:

        a.   Uniform Commercial Code transactions;

        b.   Purchases or sales of business or the assets of businesses;

   **X**     c.   Sales of goods or services by or to business enterprises;

        d.   Non-consumer bank or brokerage accounts, including loan, deposit cash management and investment accounts;

        e.   Surety bonds;

        f.   Purchases or sales or leases of, or security interests in, commercial, real or personal property; and

        g.   Franchisor/franchisee relationships.

3. Actions relating to trade secret or non-compete agreements;

4. "Business torts," such as claims of unfair competition, or interference with contractual relations or prospective contractual relations;

5. Actions relating to intellectual property disputes;

6. Actions relating to securities, or relating to or arising under the Pennsylvania Securities Act;

7. Derivative actions and class actions based on claims otherwise falling within these ten types, such as shareholder class actions, but not including consumer class actions, personal injury class actions, and products liability class actions;

8. Actions relating to corporate trust affairs;

9. Declaratory judgment actions brought by insurers, and coverage dispute and bad faith claims brought by insureds, where the dispute arises from a business or commercial insurance policy, such as a Comprehensive General Liability policy;

10. Third-party indemnification claims against insurance companies where the subject insurance policy is a business or commercial policy and where the underlying dispute would otherwise be subject to the Commerce Program, not including claims where the underlying dispute is principally a personal injury claim.

## COMPLETE LIST OF DEFENDANTS:

1. ARKADIY LYAMPERT
   25531 PRADO DE AZUL
   CALABASAS CA 91302
2. ELENA LYAMPERT
   25531 PRADO DE AZUL
   CALABASAS CA 91302
3. ANNA LYAMPERT
   25531 PRADO DE AZUL
   CALABASAS CA 91302
4. EAA INVESTMENTS, LLC
   25531 PRADO DE AZUL
   CALABASAS CA 91302
5. VRLA TECH, LLC
   6731 VARIEL AVENUE
   CANOGA PARK PA 91303
6. VALLEY VIEW GRANTOR RETAINED INCOME TRUST
   25531 PRADO DE AZUL
   CALABASAS CA 91302
7. SECOND VALLEY VIEW GRANTOR RETAINED INCOME TRUST
   25531 PRADO DE AZUL
   CALABASAS CA 91302

# Commonwealth of Pennsylvania

## COUNTY OF PHILADELPHIA

| | | |
|---|---|---|
| **Litigation Support Services, LLC** | : | COURT OF COMMON PLEAS |
| 1300 Industrial Blvd., Suite 203 | : | Trial Division |
| Southampton, PA  18966 | : | |
| | : | **FEBRUARY 2019** |
| v. | : | _____ TERM, 2019 |
| **Arkadiy Lyampert** | : | |
| 25531 Prado De Azul | : | NO.**001189** |
| Calabasas, CA  91302 | : | |
| and | : | |
| **Elena Lyampert** | : | |
| 25531 Prado De Azul | : | |
| Calabasas, CA  91302 | : | |
| and | : | |
| **Anna Lyampert** | : | |
| 25531 Prado De Azul | : | |
| Calabasas, CA  91302 | : | |
| and | : | |
| **EAA Investments, LLC** | : | |
| 25531 Prado De Azul | : | |
| Calabasas, CA  91302 | : | |
| and | : | |
| **VRLA Tech, LLC** | : | |
| 6731 Variel Avenue | : | |
| Canoga Park, CA  91303 | : | |
| and | : | |
| **Valley View Grantor Retained Income Trust** | : | |
| 25531 Prado De Azul | : | |
| Calabasas, CA  91302 | : | |
| and | : | |
| **Second Valley View Grantor Retained Income Trust** | : | |
| 25531 Prado De Azul | : | |
| Calabasas, CA  91302 | | |

## PRAECIPE FOR WRIT OF SUMMONS

TO THE OFFICE OF JUDICIAL RECORDS:

Kindly issue a Writ of Summons in the above captioned civil action.

Date: 2/13/19

/s/  George Bochetto
George Bochetto, Esquire
Bochetto & Lentz, P.C.
1524 Locust Street
Philadelphia, PA  19102
(215)735-3900

# Commonwealth of Pennsylvania

## COUNTY OF PHILADELPHIA

| | | |
|---|---|---|
| Litigation Support Services, LLC<br>*Plaintiff* | : | COURT OF COMMON PLEAS<br>Trial Division |
| v. | : | **FEBRUARY 2019** |
| | : | _____ TERM, 2019 |
| Arkadiy Lyampert, et al. | : | **001189** |
| *Defendants* | : | No. _____ |

To[1]:   **Arkadiy Lyampert, Elena Lyampert, Anna Lyampert,**
**EAA Investments, LLC, VRLA Tech, LLC,**
**Valley View Grantor Retained Income Trust and**
**Second Valley View Grantor Retained Income Trust**

# Writ of Summons

You are notified that Plaintiff[2]

Litigation Support Services, LLC

Has commenced an action against you.

ERIC FEDER
*Director, Office of Judicial Records*

By _____

Date: 2/14/19

---

[1] Names of Defendant(s)
[2] Name of Plaintiff(s)

# Court of Common Pleas

_____ Term, 20 _____

No. _____

Litigation Support Services, LLC
_Plaintiff_

vs.

Arkadiy Lyampert, et al.
_Defendant_

# SUMMONS

Exhibit B
Complaint
Litigation Support Services, LLC v. Arkadiy Lyampert et. al.
United States District Court for the Eastern District of Pennsylvania

**BOCHETTO & LENTZ, P.C.**
BY:   George Bochetto, Esquire
      David P. Heim, Esquire
      Attorney I.D. No. 27783, 84323
1524 Locust Street
Philadelphia, PA  19102
Ph:  (215) 735-3900
Fax:  (215) 735-2455
gbochetto@bochettoandlentz.com
dheim@bochettoandlentz.com

*Filed and Attested by the
Office of Judicial Records
14 MAR 2019 01:35 pm
M. RUSSO*

*Attorneys for Plaintiffs*

| | |
|---|---|
| LITIGATION SUPPORT SERVICES LLC<br>1300 Industrial Boulevard, Suite 203<br>Southampton, PA 18966 | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY |
| | FEBRUARY TERM, 2019 |
| Plaintiff | NO.  001189 |
| v. | |
| ARKADIY LYAMPERT<br>25531 Prado De Azul<br>Calabasas, CA 91302 | |
| and | |
| ELENA LYAMPERT<br>25531 Prado De Azul<br>Calabasas, CA 91302 | |
| and | |
| ANNA LYAMPERT<br>25531 Prado De Azul<br>Calabasas, CA 91302 | |
| and | |
| EAA INVESTMENTS LLC<br>25531 Prado De Azul<br>Calabasas, CA 91302 | |
| and | |
| VRLA TECH LLC<br>6731 Variel Avenue | |

Canoga Park, CA 91303

and

VALLEY VIEW
GRANTOR RETAINED INCOME TRUST
25531 Prado De Azul
Calabasas, CA 91302

and

SECOND VALLEY VIEW
GRANTOR RETAINED INCOME TRUST
25531 Prado De Azul
Calabasas, CA 91302

                      Defendants.

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

## NOTICE

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparecencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requier que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |
| YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. | LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE, SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. |
| Philadelphia Bar Association<br>Lawyer Referral and Information Service<br>One Reading Center<br>Philadelphia, PA 19107<br>Telephone: (215) 238 -6333 | Asociacion De Licenciados De Filadelfia<br>SERVICIO De Referencia E Informacion Legal<br>One Reading Center<br>Filadelfia, Pennsylvania 19107<br>Telefono: (215) 238-6333 |

**BOCHETTO & LENTZ, P.C.**
BY:    George Bochetto, Esquire
          David P. Heim, Esquire
          Attorney I.D. No. 27783, 84323
1524 Locust Street
Philadelphia, PA  19102
Ph:  (215) 735-3900
Fax: (215) 735-2455
gbochetto@bochettoandlentz.com
dheim@bochettoandlentz.com

*Attorneys for Plaintiffs*

| | |
|---|---|
| LITIGATION SUPPORT SERVICES LLC<br>1300 Industrial Boulevard, Suite 203<br>Southampton, PA 18966<br><br>             Plaintiff<br><br>    v.<br><br>ARKADIY LYAMPERT<br>25531 Prado De Azul<br>Calabasas, CA 91302<br><br>and<br><br>ELENA LYAMPERT<br>25531 Prado De Azul<br>Calabasas, CA 91302<br><br>and<br><br>ANNA LYAMPERT<br>25531 Prado De Azul<br>Calabasas, CA 91302<br><br>and<br><br>EAA INVESTMENTS LLC<br>25531 Prado De Azul<br>Calabasas, CA 91302<br><br>and<br><br>VRLA TECH LLC<br>6731 Variel Avenue<br>Canoga Park, CA 91303 | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:     COURT OF COMMON PLEAS<br>    PHILADELPHIA COUNTY<br><br>    FEBRUARY TERM, 2019<br>    NO.  001189 |

and                                        :
                                           :
VALLEY VIEW                                :
GRANTOR RETAINED INCOME TRUST              :
25531 Prado De Azul                        :
Calabasas, CA 91302                        :
                                           :
and                                        :
                                           :
SECOND VALLEY VIEW                         :
GRANTOR RETAINED INCOME TRUST              :
25531 Prado De Azul                        :
Calabasas, CA 91302                        :
                                           :
                    Defendants.            :
_____            :

## COMPLAINT

Plaintiff Litigation Support Services, LLC, by and through their undersigned counsel,

Bochetto & Lentz, P.C., hereby file the following Complaint:

### NATURE OF ACTION

1.      This case arises out of a business relationship between Litigation Support Services,

LLC ("LSS", "Plaintiff"), a Pennsylvania-based consultancy operated by Andrew Mogilyansky

("Mogilyansky"), and the California-based family of Arkadiy, Elena and Anna Lyampert, their

business entities, and their trusts (together, the "Lyampert Group" or the "Defendants").

2.      For approximately 2.5 years ending in mid-2018, Mogilyansky, through LSS,

provided consulting services ("LSS Services") to members of the Lyampert Group and their

respective attorneys.

3.      LSS Services related principally to UK and US litigation ("Frenkel Litigation")

between Arkadiy Lyampert ("Lyampert") and Roman Frenkel ("Frenkel"), and to Lyampert's

contested interest in LA Micro Group UK, Ltd. ("LAMUK"), a successful UK-based business.

4

4.      The relationship between Plaintiff and Defendants was based on written contracts, including a contract titled "Long-Term Engagement Agreement" dated March 14, 2016 ("LTA")[1].

5.      Defendants have failed and refused to comply with the following obligations despite having contracted to do so under the LTA, and despite repeated demands by Plaintiff:

    a.   Defendants have failed and refused to pay ongoing monthly fees to LSS;

    b.   Defendants have failed and refused to pay "milestone" compensation to LSS;

    c.   Defendants have failed and refused to pay "award-recovery percentages" to LSS;

    d.   Defendants have failed and refused to negotiate past bonus amounts;

    e.   Defendants have failed and refused to participate in arbitration.

### THE PARTIES

6.      Plaintiff Litigation Support Services, LLC ("LSS") is a Pennsylvania Limited Liability Company with the address of 1300 Industrial Blvd., Suite 203, Southampton, PA 18966.

7.      Defendant Arkadiy Lyampert ("Lyampert") is an adult individual residing at 25531 Prado De Azul, Calabasas, CA 91302. He is also a member of Defendant VRLA.

8.      Defendant Elena Lyampert ("Elena") is an adult individual residing at 25531 Prado De Azul, Calabasas, CA 91302. Elena Lyampert is the wife of Arkadiy Lyampert. She is also the Managing Member of Defendant EAA, Trustee of Defendant Valley View Grantor Retained Income Trust and Trustee of Defendant Second Valley View Grantor Retained Income Trust.

9.      Defendant Anna Lyampert ("Anna") is an adult individual residing at 25531 Prado De Azul, Calabasas, CA 91302. Anna is the daughter of Arkadiy and Elena Lyampert. She is a licensed California attorney acting as family and house counsel to all members of the Lyampert

---

[1] A copy of the LTA is not exhibited to this Complaint out of abundance of caution and in deference to Defendants' privacy rights. The LTA references multiple legal proceedings and contains information which Defendants may claim as confidential. Counsel for Plaintiff has provided a copy of the LTA to all Defendants via electronic mail, and of course will make the same further available in discovery.

Case ID: 190201189

Group. Anna is also a member of Defendants EAA and VRLA.

10.     Defendant EAA Investments, LLC ("EAA") is a Limited Liability Company registered in Delaware/California, with the address of 25531 Prado De Azul, Calabasas, CA 91302. EAA is the Lyampert family's asset holding and investment entity.

11.     Defendant VRLA Tech, LLC ("VRLA") is a Limited Liability Company registered in California, with the address of 6731 Variel Avenue, Canoga Park, CA 91303.

12.     Defendants Valley View Grantor Retained Income Trust ("Trust 1") and Second Valley View Grantor Retained Income Trust ("Trust 2") are California trusts with the address of 25531 Prado De Azul, Calabasas, CA 91302.

## DRAFT STATEMENT OF CLAIM FOR ARBITRATION

13.     Plaintiff believes it is important for any tribunal (whether the Court in these proceedings or the arbitrator(s) in arbitration proceedings) to understand the complex nature of Lyampert's interest in LAMUK and the history of Frenkel Litigation so as to understand the value of LSS Services provided by Plaintiff to Defendants in those and other regards.

14.     This is so because the fees charged by LSS under the LTA were significant, and the history of the Frenkel Proceedings and the LAMUK relationship provides insight into why Defendants agreed to pay such consideration to LSS for assistance in those areas.

15.     Accordingly, Plaintiff has prepared a detailed draft Statement of Claim ("SOC") for what it believes will be eventual arbitration proceedings in this case.

16.     The draft SOC, which is 46 pages long and includes 29 exhibits comprising 257 pages, provides a detailed history of Frenkel Litigation, LAMUK, LSS Services and other subjects relevant to Plaintiff's claims against Defendants.

17.     The SOC and exhibits thereto contain information that may be claimed by

6

Defendants as privileged and/or confidential. Therefore, neither the SOC nor exhibits thereto are being filed in public record at this time until further guidance from the Court.

18.     The draft SOC with all exhibits has been provided to all Defendants and attorneys who represent them in Frenkel Litigation in California[2], and is available for the Court's in-camera review.

19.     Plaintiff reserves the right to file the SOC and exhibits thereto under seal if permitted to do so by the Court as this case proceeds.

## SERVICES PROVIDED BY PLAINTIFF

20.     The Frenkel Litigation included multiple proceedings in the US starting in 2010 ("US Proceedings") and in the UK starting in 2015 ("UK Proceedings").

21.     At the heart of the US Proceedings was a dramatic 2010 falling out between Lyampert and Frenkel in relation to their business, LA Micro Group, Inc. ("LAMG").

22.     Frenkel and Lyampert pursued bitter dueling claims in the US Proceedings, accusing each other of breach of fiduciary duty to LAMG and diversion of significant assets.

23.     In late 2015 Frenkel launched the UK Proceedings in relation to LAMUK, the UK company in which Lyampert held a 50% share, but Frenkel claimed to be half-owner of that share.

24.     As of late 2015 - early 2016, the Frenkel Litigation was turning from bad to worse for the litigation-exhausted Lyampert and other Defendants due to multiple negative developments in the US and UK Proceedings and a chill in Lyampert's relationship with his UK partner in LAMUK.

## SERVICES PROVIDED BY PLAINTIFF

25.     Plaintiff's principal (Mogilyansky) possessed a strong and near-unique

---

[2] At present no attorney has entered representation in these proceedings on behalf of any of the Defendants.

Case ID: 190201189

combination of analytical, communication, negotiation, coordination, organization, linguistic, computer and various other skills, and has substantial competence in law, accounting, logic, and other areas.

26.     Mogilyansky was also able to work with unusually high productivity and was willing to do so for great lengths of time if necessary, which was of great importance in concurrent proceedings in US and UK, with the work load often coming in spurts and relevant parties located in multiple time zones that were up to 8-10 hours apart[3].

27.     Lyampert, and subsequently all Defendants, were willing to pay significant compensation for access to Mogilyansky's unique skills and his assistance to Defendants and their attorneys with Frenkel Litigation, the LAMUK relationship and various other issues.

28.     Over the 2.5-year term of its engagement with the Lyampert Group, LSS provided extensive (and, as will be demonstrated at trial or arbitration, extremely valuable) services to the Lyampert Group and their legal teams in the US and UK in relation to the Frenkel Litigation and LAMUK, as well as with many other related and unrelated issues. During this period LSS:

     a.   exchanged over 6,500 e-mails with the Lyampert Group and their US/UK lawyers;

     b.   reviewed and compiled tens of thousands of pages of records;

     c.   produced and revised thousands of pages of new documents;

     d.   participated in thousands of phone calls and videoconferences;

     e.   attended dozens of in-person meetings with Lyampert Group members, their attorneys, partners, employees, accountants, investigators and other associates;

     f.   arranged and helped handle numerous board/shareholder meetings of LAMUK;

---

[3] Lyampert went on many trips to Kazan, Russia, which has a 10-hour time difference with California, the location of his family and lawyers representing Defendants in US Proceedings. LSS had regular interactions with multiple attorneys in London, England representing Lyampert in UK Proceedings. The time difference between London and California is eight hours. The headquarters of LAMUK are also located in England.

Case ID: 190201189

    g.   assisted LAMUK in negotiating a settlement in threatened proceedings against it;

    h.   held dozens of multi-party videoconference meetings relating to LAMUK;

    i.   assisted Lyampert in negotiating a restructuring/buyout of his share in LAMUK.

29.    The services provided by LSS were pivotal to Lyampert's attorneys in the US and UK in delivering effective and financially efficient assistance to the Lyampert Group.

30.    The quality and importance of LSS Services to the Lyampert Group was praised regularly by individual members of the Lyampert Group and their attorneys in the US and UK.

31.    Recognizing the value of LSS services, first Lyampert himself, and then the entire Lyampert Group, entered into a sequence of written agreements with LSS, culminating in the LTA.

32.    Under the LTA, Defendants contracted to pay LSS:

    a.   Fixed monthly fees ("LSS Fees");

    b.   Success fees ("Milestone Bonuses") tied to milestones in US and UK Proceedings;

    c.   Portions of monetary awards recovered against Frenkel ("Recovery Bonuses");

**FIRST MILESTONE BONUS**

33.    The first Milestone Bonus in the form of a 4% share in LAMUK ("First Milestone Bonus") was promised to LSS verbally on many occasions for work done prior to the LTA.

34.    The First Milestone Bonus was memorialized in the LTA as an obligation on Plaintiff and Defendants to finalize its final amount through future good-faith negotiations.

35.    Defendants never followed through on their commitment to finalize the First Milestone Bonus after the LTA was signed, despite numerous requests and demands from LSS.

36.    The fair value of a 4% share in LAMUK is approximately $525,000 (£400,000)[4].

---

[4] The justification for this, which references various confidential information, is provided in the SOC.

9

Case ID: 190201189

## SECOND MILESTONE BONUS

37.     Soon after the LTA was signed in March 2017, LSS was pivotal in the first major victory Lyampert ever achieved against Frenkel during the 7+ year history of Frenkel Litigation.

38.     In September-December 2017, in a series of scathing rulings, the UK court ruled against Frenkel in the UK Proceedings ("Success in UK").

39.     All of Frenkel's claims were dismissed with prejudice by the UK court, and he was ordered to pay the bulk of Lyampert's UK legal costs on a highly punitive "indemnity basis".

40.     In October 2017, a court in the US Proceedings issued another important decision in favor of Lyampert, depriving Frenkel of a hoped-for way to reissue the UK Proceedings in the name of LAMG. This ruling further consolidated Lyampert's victory in the UK Proceedings.

41.     After years of uncertainty, the disputed 50% share in LAMUK was finally and conclusively adjudged to belong to Lyampert.

42.     Under the LTA, "Success in UK" triggered a Milestone Bonus payable to LSS in the form of a 4% share in LAMUK ("Second Milestone Bonus").

43.     However, the Second Milestone Bonus was not delivered to LSS right away because of ongoing negotiations regarding the sale/restructuring of Lyampert's share in LAMUK.

44.     Members of the Lyampert Group promised to effectuate the Second Milestone Bonus either by assigning to LSS a share of eventual proceeds from the restructuring/sale of Lyampert's share in LAMUK, or by paying LSS the fair value of a 4% stake in LAMUK.

45.     Based on the fair value of a 4% share in LAMUK, the Second Milestone Bonus owed by Defendants to LSS is approximately $525,000 (£400,000).

## RECOVERY BONUS

46.     The amount awarded to Lyampert in the UK Proceedings triggered a 20% fee ("UK

Case ID: 190201189

Recovery Bonus"), payable by Defendants to Plaintiff under the terms of the LTA.

47.     The UK award to Lyampert amounts to an estimated $980,000 (£735,000).

48.     This UK award amount is expected to be booked as payment against Lyampert's liability to Frenkel in the US Proceedings. This constitutes full receipt of this amount by Lyampert.

49.     Accordingly, the Recovery Bonus owed by Defendants to LSS as a result of the UK award is approximately $196,000 (20% of $980,000).

## MONTHLY LSS FEES

50.     The Term of the LTA defines its Term as the period until the end of the appeal process in the US Litigation[5].

51.     Under the LTA, Defendants are obligated to pay LSS Fees throughout the Term.

52.     The LSS Fees were fixed at $11,500 per month during at the first 12 months ending on March 1, 2018, with possible adjustments on March 1, 2018 depending on work volume during the preceding six-month period (as compared to the six-month period preceding the LTA).

53.     As of March 1, 2018, the number of e-mail messages sent and received by LSS in relation to its work for the Lyampert Group during operative periods was:

|  | Period 09/01/16 - 03/01/17 | Period 09/01/17 - 03/01/18 | Increase |
|---|---|---|---|
| **Incoming E-Mails** | 691 | 932 | + 34.9% |
| **Outgoing E-Mails** | 415 | 725 | + 74.7% |
| **Total E-Mails** | 1,106 | 1,648 | + 49.0% |

54.     Accordingly, if LSS Fees were adjusted as proscribed by the LTA, they would have to increase up by 49% on March 1, 2018 from $11,500 per month to $17,000 per month.

---

[5] Based on a review of public court records, the appeal in the US Litigation was recently marked as "fully briefed" and the proceedings are still ongoing. Accordingly, the Term of the LTA has not yet ended as of the date hereof.

Case ID: 190201189

55.     However, instead of requesting the payment of $17,000 per month as it was entitled to do under the LTA, hoping to reach a good faith compromise on the valuable Milestone and Recovery Bonuses, in July-August 2018 LSS offered/agreed[6] to retroactively reduce its monthly fees to $8,000 as of March 1, 2018, and to waive them entirely after July 2018.

56.     The reduction of LSS Fees for March - July 2018 and the subsequent waiver of LSS Fees for August 2018 – February 2019 is a windfall to the Lyampert Group since it failed to abide by its obligations under the LTA. These concessions were provided by LSS in mid-2018 with the expectation that the rest of the relationship and payments owed to LSS would be honored.

57.     Accordingly, LSS believes it is owed the full amount of LSS Fees through February 28, 2019, to be calculated at the rate provided by the LTA.

58.     The last time LSS was paid the monthly LSS Fee was in December 2017. LSS Fees for the months of January and February 2018 were due at the "old" rate of $11,500 per month.

59.     Depending on the Court's determination of the proper monthly amount of LSS Fees after March 1, 2018 and when LSS Fees should be cut off, Defendants owe LSS Fees as follows:

| LSS Fees before 03/01/18 | LSS Fees after 03/01/18 | Cutoff Date | Formula (# of months x monthly fees) | Total LSS Fees Owed |
|---|---|---|---|---|
| $11,500 | $17,000 | 03/01/19 | 2 x $11,500 + 12 x $17,000 | $227,000 |
| $11,500 | $17,000 | 08/01/18 | 2 x $11,500 + 5 x $17,000 | $108,000 |
| $11,500 | $11,500 | 03/01/19 | 2 x $11,500 + 12 x $11,500 | $161,000 |
| $11,500 | $11,500 | 08/01/18 | 2 x $11,500 + 5 x $11,500 | $80,500 |
| $11,500 | $8,000 | 03/01/19 | 2 x $11,500 + 12 x $8,000 | $119,000 |
| $11,500 | $8,000 | 08/01/18 | 2 x $11,500 + 5 x $8,000 | $63,000 |

---

[6] Whether this offer/agreement is binding on LSS is for the court to determine. While it was not conditioned on reciprocal actions by Defendants, but it was made in because of hoped-for good faith steps by Defendants.

Case ID: 190201189

## DEMANDS FOR ARBITRATION BY LSS

60.     The LTA states in a relevant Section:

> *"LSS and Clients will strive to find amicable solutions to all situations which may arise in their relationship with each other. If LSS and Clients have a disagreement, they will first try to resolve it through good faith negotiations. If the disagreement cannot be amicably resolved through negotiations, LSS and Clients will arrange for informal mediation to be conducted by Jeff Farrow, Esq. and George Bochetto, Esq. via telephone or video conference. If this mediation proves unsuccessful, LSS and Clients will submit to binding arbitration in an arbitration venue and forum chosen by Mr. Farrow and Mr. Bochetto. If Mr. Farrow and Mr. Bochetto cannot agree on the method of arbitration, each of them will suggest one, and it will be decided by coin toss to be performed by Mr. Farrow."*

61.     Attached as Exhibit H hereto is the Affidavit of Andrew Mogilyansky outlining his repeated efforts to compel Defendants to comply with the above and to submit to arbitration.

62.     Despite numerous efforts by LSS to initiate the mediation/arbitration process, the Lyampert Group, having on at least two occasions agreed and then reneged to comply with the applicable provision of the LTA, has as of this date failed and refused to comply with it.

63.     Due to the failure and refusal by Defendants and their California counsel to cooperate in the clear "informal mediation first, then binding arbitration" procedure proscribed by the LTA, at this time binding arbitration is not possible as all major arbitration services require all

parties to either agree to submit to arbitration, or be compelled to do so by court.

## VENUE AND FORUM FOR ARBITRATION

64.     The LTA provides a clear process of resolving disputes between the parties without court intervention, as more fully described in Paragraph 60 of this Complaint.

65.     Throughout the course of Plaintiff's performance of its services, the majority of LAMUK-related and other meetings occurred in Philadelphia, PA and Southampton, PA.

66.     Most of Plaintiff's work for the Lyampert Group was likewise performed by Mogilyansky at the LSS offices in Southampton, PA.

67.     The initial agreement between LSS and Lyampert was signed in Southampton, PA.

68.     All payments sent by the Lyampert Group for serviced provided by LSS under the LTA were due and in fact made to the Southampton, Pennsylvania branch of TD Bank.

69.     While Plaintiff did not believe a coin-toss was required, as in the circumstances described above Plaintiff should be free to choose the arbitration venue and forum in its discretion, the additional coin-toss procedure required by the LTA was performed out of abundance of caution and to avoid allegations of bad faith.

70.     The coin-toss fell in favor of Plaintiff. See the last three paragraphs of Exhibit H.

71.     Plaintiff chose to have the arbitration performed by JAMS branch in Philadelphia.

72.     For the foregoing reasons, the Philadelphia branch of JAMS is the proper venue and forum to resolve the dispute under the LTA by binding arbitration.

## COUNT I – ORDER COMPELLING ARBITRATION

73.     Plaintiff incorporates the averments contained in the preceding paragraphs of this Complaint as if set forth in full herein.

74.     Section 12 of the LTA requires all disputes to be resolved by binding arbitration.

Case ID: 190201189

75.     Defendants have failed and refused to comply with Section 12 of the LTA.

76.     JAMS (Philadelphia) is the proper forum for the arbitration between the parties.

WHEREFORE, Plaintiff LSS demands an order by this Court directing Defendants and Plaintiff to engage in binding arbitration, to be performed by the JAMS branch in Philadelphia, on standard rules of the JAMS arbitration service.

## COUNT II – BREACH OF CONTRACT (MONTHLY LSS FEES)

77.     Plaintiff incorporates the averments contained in the preceding paragraphs of this Complaint as if set forth in full herein.

78.     Defendants have failed and refused to comply with provisions of Section 5(a) of the LTA which requires Defendants to pay monthly LSS Fees to LSS.

79.     Defendants owe Plaintiff monthly LSS Fees in the total amount of up to $227,000 depending on the court's determination of the cutoff date for such fees, and the appropriate adjustment of LSS Fees taking effect on March 1, 2018.

WHEREFORE, Plaintiff LSS demands a judgment in its favor and against all Defendants in the amount of $227,000, together with interest, costs, and attorney's fees as the court deems just.0.

## COUNT III – BREACH OF CONTRACT (FIRST MILESTONE BONUS)

80.     Plaintiff incorporates the averments contained in the preceding paragraphs of this Complaint as if set forth in full herein.

81.     Defendants have failed and refused to comply with provisions of Section 9 of the LTA which required good-faith negotiations on the amount of the First Milestone Bonus.

82.     A reasonable First Milestone Bonus is the equivalent of 4% of LAMUK, similar to the Second Milestone Bonus and the Third Milestone Bonus.

Case ID: 190201189

83.     The fair value of a 4% share in LAMUK is approximately $525,000.

WHEREFORE, Plaintiff LSS demands a judgment in its favor and against all Defendants in the amount of $525,000, together with interest, costs, and attorney's fees as the Court deems just..

## COUNT IV – BREACH OF CONTRACT (SECOND MILESTONE BONUS)

84.     Plaintiff incorporates the averments contained in the preceding paragraphs of this Complaint as if set forth in full herein.

85.     Defendants have failed and refused to comply with provisions of Section 5(b) of the LTA which required a transfer of a 4% interest in LAMUK to LSS in case of Success in UK.

86.     Success in UK (as defined in the LTA) has been achieved by nature of September-December 2017 rulings in the UK Proceedings, and therefore the Second Milestone Bonus is due and owing under the terms of the LTA.

87.     The value of a 4% share in LAMUK is approximately $525,000.

WHEREFORE, Plaintiff LSS demands a judgment in its favor and against all Defendants in the amount of $525,000 together with interest, costs, and attorney's fees as the Court deems just..

## COUNT V – BREACH OF CONTRACT (RECOVERY BONUS)

88.     Plaintiff incorporates the averments contained in the preceding paragraphs of this Complaint as if set forth in full herein.

89.     Defendants have failed and refused to comply with provisions of Section 5(d) of the LTA under which Defendants must pay LSS 20% of amounts recovered in the UK Proceedings.

90.     Defendants have been awarded approximately $980,000 in the UK Proceedings.

91.     The amount of the award in the UK Proceedings is being applied as payment/offset

Case ID: 190201189

against Defendant Lyampert's liabilities under a prior decision in the US Proceedings.

WHEREFORE, Plaintiff LSS demands a judgment in its favor and against all Defendants in the amount of $196,000. together with interest, costs, and attorney's fees as the Court deems just..

## COUNT VI – ANTICIPATORY BREACH OF CONTRACT
## (THIRD MILESTONE BONUS)

92.     Plaintiff incorporates the averments contained in the preceding paragraphs of this Complaint as if set forth in full herein.

93.     LSS was instrumental in helping the Lyampert Group and their California legal team in the preparation of their appeal brief in the US Proceedings.

94.     Section 6(b) of the LTA defines "Success in US" as *"a ruling on the appeal in the US Litigation which replaces Clients' liability to Frenkel with Frenkel's liability to Clients."*

95.     Section 5(b) of the LTA states that if Success in US results in a liability of Frenkel to Lyampert exceeding $1,000,000, then Defendants will owe LSS an additional 4% of LAMUK ("Third Milestone Bonus"), and that it is prorated to a corresponding fraction of 4% of LAMUK if the amount owed by Frenkel to Lyampert in the end is a fraction of $1,000,000.

96.     The US Proceedings are currently in the final stage of the appeal process in California, with briefing complete and a decision expected before the end of 2019.

97.     If the final ruling in US Proceedings appeal qualifies as "Success in US" under the LTA, Defendants will owe LSS the Third Milestone Bonus in the amount of up to $525,000.

WHEREFORE, Plaintiff demands a judgment in its favor and against all Defendants in the amount of $525,000, contingent on a ruling in the US Proceedings that makes Defendant Lyampert a judgment creditor of Roman Frenkel in an amount exceeding $1,000,000, or a proportionate

17

fraction of $525,000 if the amount of said ruling is a fraction of $1,000,000.

## COUNT VII – ANTICIPATORY BREACH OF CONTRACT

## (FUTURE RECOVERY BONUS AMOUNTS)

98.    The LTA requires Defendants to pay LSS various other recovery bonuses in addition to the Recovery Bonus specified in Counts IV of this Complaint.

99.    It is clear that Defendants have refused and will continue to refuse to honor their contractual obligations to Plaintiff, including an anticipated refusal to pay to Plaintiff the recovery bonus

WHEREFORE, Plaintiff demands a judgment in its favor and against all Defendants in an amount and terms to be determined by the Court, together with interest, costs, and attorney's fees as the Court deems just.

**BOCHETTO & LENTZ, P.C.**

Date:  03/14/19                          By:    */s/ George Bochetto*
                                                George Bochetto, Esquire
                                                David P. Heim, Esquire
                                                *Attorneys for plaintiff*

18

Case ID: 190201189

## **VERIFICATION**

I, Andrew Mogilyansky, Managing Partner of Plaintiff Litigation Support Services, LLC, hereby verify that the statements made in the foregoing Complaint, to the best of my knowledge, are true and correct. I understand that false statements made herein are subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.

Date: March 14, 2019 _Andrew Mogilyansky_
                       Andrew Mogilyansky

Case ID: 190201189