UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LITIGATION SUPPORT SERVICES, LLC :<br>              Plaintiff,         :<br>                                :<br>       v.                      :<br>                                :<br>ARKADIY LYAMPERT, ELENA     :<br>LYAMPTERT, ANNA LYAMPERT,    :<br>EAA INVESTMENTS, LLC, VRLA    :<br>TECH, LLC, VALLEY VIEW GRANTOR :<br>RETAINED INCOME TRUST, SECOND :<br>VALLEY VIEW GRANTOR RETAINED :<br>INCOME TRUST,                  :<br>             Defendants.        :  | Civil Action No.: 2:19-CV-01574-ER<br><br><br><br>JURY TRIAL DEMANDED |

**DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL ARBITRATION AND TO STAY THESE PROCEEDINGS, PURSUANT TO F.R.C.P. 12(b)(6) AND THE FEDERAL ARBITRATION ACT**

COMES NOW Defendants, by and through their undersigned counsel, who hereby submits this Brief in Opposition to Plaintiff's Motion to Compel Arbitration and to Stay These Proceedings, Pursuant to F.R.C.P. 12(b)(6) and the Federal Arbitration Act (the "Instant Motion"), and offers the following:

**PROCEDURAL HISTORY**

Pending before the Court are Defendants' Motion to Dismiss or, Alternatively, to Transfer Venue, and Motion to Disqualify Plaintiff's Counsel, both filed on April 18, 2019.

On April 26, 2019, this Court scheduled oral argument on Defendants' motions and also an initial pretrial conference. That same day, Plaintiff filed the Instant Motion. It contained roughly 150 pages of redundant exhibits (attaching all papers already filed with the Court) with the noteworthy exception of Exhibit H, an affidavit by Andrew Mogilyansky. The Instant Motion invokes the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, et seq., and Plaintiff's Brief specifically

1

cites Sections 3 and 4 of the FAA. [Pl.'s Br. 5 & 10, Docket Index No. 7]. The Instant Motion contains a Proposed Order which requests relief that Defendants maintain is manifestly improper, "IT IS FURTHER ORDERED that Defendants' Motions to Dismiss and to Disqualify counsel . . . are hereby DENIED as moot, as this Court is without jurisdiction to hear them . . ."

**ARGUMENT**

**I.     UNDER RECENT, CONTROLLING AUTHORITY BY THE U.S. SUPREME COURT, THE FEDERAL ARIBTRATION ACT IS INAPPLICABLE.**

Plaintiff may not invoke any provision of the FAA, because it is inapplicable to the instant case. On January 15, 2019, the U.S. Supreme Court decided New Prime, Inc. v. Oliveira, 139 S. Ct. 532 (2019). The Court looked at Section 1 of the FFA, which reads in part, "but nothing herein contained shall apply to contracts of employment of . . . any other class of workers engaged in foreign or interstate commerce." 9 U.S.C. § 1.  The Court made two important rulings from that provision. First, that exclusion in Section 1 applies to the entire statute, including the powers to stay and compel arbitration under Sections 3 and 4. The Court reasoned, "Given the statute's terms and sequencing, we agree with the First Circuit that a court should decide for itself whether §1's 'contracts of employment' exclusion applies **before ordering arbitration**. After all, to invoke its statutory powers under §§ 3 and 4 to stay litigation and compel arbitration according to a contract's terms, a court must first know whether the contract itself falls within or beyond the boundaries of §§ 1 and 2." New Prime, 139 S. Ct. at 537 (emphasis added).

Second, the Court determined that "employment" under Section 1 draws no distinctions in kind between employee and independent contractor relationships. The Court reasoned that, at the time of passage of the FAA, "a 'contract of employment' usually meant nothing more than an agreement to perform work. As a result, most people then would have understood §1 to exclude not only agreements between employers and employees but also agreements that require

2

independent contractors to perform work." Id. at 539. The effect of Section 1 is to restrict the operation of the FAA, along with Section 2, to instances of the sale of goods (rather than services) within a maritime or commerce transaction.

With these authorities in mind, nothing within Plaintiff's alleged services, whether as employee or independent contractor, escapes the exclusion of Section 1 of the FAA. The Court can deny the Instant Motion on this ground alone. The authorities cited in Plaintiff's Brief, to the effect that the Court has no discretion to dismiss a case where a request under Section 3 of the FAA has been made, were decided before New Prime, or the exclusion in Section 1 was not raised by the parties, or both, and are therefore inapposite and not controlling. [Pl.'s Br. 10 (citing Devon Robotics, LLC v. DeViedma, 798 F.3d 136, 143-44 (3d Cir. 2015); Lloyd v. Hovensa, LLC, 369 F.3d 263, 269 (3d Cir. 2004))].

**II.     PLAINTIFF'S MOTION IS PROCEDURALLY IMPROPER, WHERE DEFENDANTS INVOKED CONSTITUTIONAL REQUIREMENTS AND, AS PARAMOUNT LAW, THESE MUST BE FIRST ADJUDGED AS A CONDITION PRECEDENT TO ANY ORDER COMPELING ARBITRATION.**

The Instant Motion is procedurally improper, where the Proposed Order asks the Court to compel arbitration without first adjudging Defendants' Motion to Dismiss or, Alternatively, to Transfer Venue and Motion to Disqualify Opposing Counsel. The Court must rule on Defendants' motions first, before entertaining any request by Plaintiff to compel arbitration.

Plaintiff is incorrect where it asserts on Page 8 of its Brief that personal jurisdiction "is not a valid ground by which to avoid an otherwise applicable arbitration agreement." [Pl.'s Br. 8, Docket Index No. 7]. Even if the FAA was applicable, even though it is not, "As for jurisdiction, the Act does nothing," and bestows "no federal jurisdiction but rather requir[es] an independent jurisdictional basis." Hall Street Assocs., LLC v. Mattel, Inc., 552 U.S. 576, 581-82 (2008) (alterations added). Section 4 of the FAA still obligates the U.S. district courts to "have jurisdiction

3

under title 28, in any civil action . . . of the subject matter of a suit arising out of the controversy between the parties," before entering any order concerning arbitration. 9 U.S.C. § 4.

Neither can the FAA dispense with constitutional requirements. The U.S. Supreme Court held, "The validity of an order of a federal court depends upon that court's having jurisdiction over both the subject matter and the parties." Insurance Corp. of Ireland v. Compagnie Des Bauxities De Guinee, 456 U.S. 694, 702 (1982). "Subject-matter jurisdiction, then, is an Art. III as well as a statutory requirement," whereas personal jurisdiction "flows not from Art. III, but from the Due Process" clauses of the U.S. Constitution. Id. Similarly, "One of the inherent powers of any federal court" under Article III of the U.S. Constitution "is the admission and discipline of attorneys practicing before it." In re Corn Derivatives Antitrust Litig., 748 F.2d 157, 160 (3d Cir. 1984). Finally, although venue is distinct from subject-matter jurisdiction, it nevertheless is an exercise of Congress' authority under U.S. Const., art. III, § 1 to ordain and establish inferior tribunals.

Where the above-noted motions by Defendants invoke constitutional requirements, such as personal jurisdiction and whether Plaintiff's counsel is disqualified, as well as Congress' statutory authority under Article III to control the venue of the U.S. district courts, this Court is duty-bound by its oath to support and defend the Constitution and statutory laws of the United States as paramount law, U.S. Const., art. VI, cl. 3, and therefore must rule on Defendants' motions first and before entertaining any motion to compel arbitration.

Plaintiff's authorities do not support its argument. As cited in Plaintiff's Brief, Devon Robotics, LLC v. DeViedma, 798 F.3d 136, 143-44 (3d Cir. 2015), Lloyd v. Hovensa, LLC, 369 F.3d 263, 269 (3d Cir. 2004), John Hancock Mut. Life Ins. v. Olick, 151 F.3d 132, 136 (3d Cir. 1998), and Palcko v. Airborne Express, Inc., 372 F.3d 588, 597-98 (3d Cir. 2004) did not involve questions of personal jurisdiction, venue, or whether opposing counsel was disqualified.

### III.     PLAINTIFF'S OTHER GROUNDS ARE UNRIPE.

For the same reasons stated in Parts I and II above, the balance of Plaintiff's arguments in Part IV of its Brief is unripe, by virtue of Defendants' Motion to Dismiss or, Alternatively, to Transfer Venue and Motion to Disqualify Opposing Counsel. A favorable ruling on those motions would have the effect of requiring Plaintiff to obtain new counsel and to litigate in the U.S. District Court for the Central District of California. However, if this Court disagrees, then Defendants request that the Court may direct for supplemental briefs.

### CONCLUSION

The Instant Motion should be dismissed without prejudice.

CORNERSTONE LAW FIRM, LLC

By: /s/ David W. Crossett
David W. Crossett, Esquire
I.D. # 313031
8500 Allentown Pike,
Suite 3
Blandon, PA 19510
(610) 926-7875
*Counsel for Defendants*

Date: May 1, 2019

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LITIGATION SUPPORT SERVICES, LLC : | |
|         Plaintiff, : | |
| : | |
| v. : | |
| : | Civil Action No.: 2:19-CV-01574-ER |
| ARKADIY LYAMPERT; : | |
| and : | |
| ELENA LYAMPERT; : | |
| and : | |
| ANNA LYAMPERT; : | |
| and : | |
| EAA INVESTMENTS, LLC; : | |
| and : | |
| VRLA TECH, LLC; : | |
| and : | |
| VALLEY VIEW GRANTOR RETAINED : | JURY TRIAL DEMANDED |
| INCOME TRUST; : | |
| and : | |
| SECOND VALLEY VIEW GRANTOR : | |
| RETAINED INCOME TRUST, : | |
|         Defendants. : | |

## **CERTIFICATE OF SERVICE**

      I, David W. Crossett, Esq., hereby certify that on May 1, 2019, a copy of Defendants' Brief in Opposition to Plaintiff's Motion to Compel Arbitration and to Stay These Proceedings, Pursuant to F.R.C.P. 12(b)(6) and the Federal Arbitration Act, has been electronically filed, which provided electronic notice to the following:

George A. Bochetto, Esq.
Bochetto & Lentz, P.C.
1524 Locust St.
Philadelphia, PA 19102
gbochetto@bochettoandlentz.com


                                                 By:    /s/David W. Crossett
                                                           David W. Crossett, Esquire