IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Litigation Support Services, LLC, | : | |
|     Plaintiff | : | No. 2:19-CV-01574-ER |
| | : | |
| v. | : | |
| | : | |
| Arkadiy Lyampert, Elena Lyampert | : | |
| Anna Lyampert, EAA Investments, | : | |
| LLC, VRLA Tech, LLC, Valley | : | |
| Grantor Retained Income Trust, | : | |
| Second Valley View Grantor | : | JURY TRIAL DEMANDED |
| Retained Income Trust | : | |
|     Defendants. | : | |

### DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR A PROTECTIVE ORDER

NOW COMES Defendants, by and through their undersigned counsel, who respectfully submit this Brief in Opposition to Plaintiff's Cross-Motion for a Protective Order, in Docket Index No. 9; and offers the following in support:

### PROCEDURAL HISTORY

On May 2, 2019, within a singular submission at Docket Index No. 9, Plaintiff filed a Response in Opposition to Defendants' Motions to Dismiss and Disqualify, and Plaintiff's Cross-Motions for a Protection Order, accompanied with a Memorandum of Law and exhibits (the "Cross-Motion"). Part IV of the forgoing Memorandum of Law relates to the Cross-Motion, but it has nothing to do with discovery or with privileged information. Instead, Plaintiff advances additional arguments as to Plaintiff's Motion to Compel Arbitration and to Stay These Proceedings, at Docket Index No. 7 (the "Motion to Compel Arbitration"), without leave of court to file a reply brief and should be summarily denied by the Court.[1] Even if the Court overlooks

---

[1] This Court adheres to the view that, under Fed. R. Civ. P. 12(f), a motion to strike only pertains to pleadings, not motions, whereas, "A motion to strike a motion may be considered instead as an opposition." Bond v. ATSA/Jacksonville Job Corps Ctr., 811 F. Supp. 2d 417, 421 (D. D.C. 2011) (citations omitted), followed by,

1

that, however, Plaintiff's Cross-Motion does not assist the Court on the issue of arbitration because, as shown below, it is entirely non-responsive to the authorities cited in Defendants' Brief in Opposition, at Docket Index No. 8 ("Defendant's Brief in Opposition").

## ARGUMENT

Plaintiff's brief on the Cross-Motion makes no attempt to distinguish New Prime, Inc. v. Oliveira, 139 S. Ct. 532 (2019) or why it was wrongly decided. Plaintiff ignores the exclusion to the Federal Arbitration Act ("FAA") under 9 U.S.C. § 1, as well as the authorities cited on pages 3 and 4 of Defendants' Brief in Opposition.

Plaintiff misreads Henry Schein, Inc. v. Archer & Whites Sales, Inc., 139 S. Ct. 524 (2019), as it does not support the proposition claimed by Plaintiff that arbitration agreements affect subject-matter jurisdiction. A cursory look at this case will show that it does not address the exclusion from the FAA under 9 U.S.C. § 1 or the U.S. Supreme Court's holding in New Prime that courts must determine whether that exclusion applies before ordering parties to arbitrate. Furthermore, Henry Schein did not involve questions of personal jurisdiction and venue of the U.S. district courts. The Court never held there that arbitration agreements affect subject-matter jurisdiction. Indeed, the word "jurisdiction" nowhere appears in that opinion.

Plaintiff fails to address what authority, exactly, this Court has to compel arbitration where the FAA is inapplicable to the instant case. Without the FAA, for this Court to compel arbitration at this stage would violate the Due Process Clause of the Fifth Amendment of the U.S. Constitution, by arbitrarily and capriciously writing new rules of procedure during the pendency of this case while dispensing with the *Federal Rules of Civil Procedure* where, as here, litigants are afforded a right to contest personal jurisdiction and venue by pre-Answer motion under Civil

---

Personacare of Reading, Inc. v. Lengel, 2017 U.S. Dist. LEXIS 38519, at *6 (E.D. Pa. Mar. 17, 2017) (Schmehl, *J.*). With that in mind, Defendants hereby respond in opposition to Plaintiff's arguments.

Rule 12. <u>Hollingsworth v. Perry</u>, 558 U.S. 183, 199 (2010) ("If courts are to require that others follow regular procedures, courts must do so as well."). Defendants object accordingly on any basis for this Court to compel arbitration at the pre-Answer stage where the FAA is inapplicable.

Plaintiff further attempts to confuse the issues by asserting that, "This Court should decide the issue of arbitrability first because in the absence of subject matter jurisdiction, it cannot act in this matter." [Pl.'s Br. 25; Docket Index No. 9]. Plaintiff, for instance, cites JAMS Rule 11(b) that the arbitrator may determine jurisdictional disputes. That applies to the arbitrator's jurisdiction, <u>not</u> this Court's. In respect of arbitration agreements, "Article III of the Constitution restricts the subject matter jurisdiction of the federal courts, the consent of the parties cannot confer subject matter jurisdiction on a federal court," whereas arbitration is a waivable contractual right. <u>United Indus. Workers v. Virgin Islands</u>, 987 F.2d 162, 168 (3d Cir. 1993). This Court has subject-matter jurisdiction because it is sitting in diversity under 28 <u>U.S.C.</u> § 1332(a)(1), an enabling act by Congress under Article III of the U.S. Constitution. At issue, however, is whether this Court has *personal* jurisdiction as well as venue, as separately briefed by Defendants under the Motion to Dismiss or, Alternatively, to Transfer Venue, pending before this Court.

Contrary to Plaintiff's assertion, arbitration agreements are not jurisdictional and have no reference to subject-matter jurisdiction, because the latter is governed by the U.S. Constitution and by enabling acts of Congress under Article III, to ordain and establish inferior tribunals. "Just as a forum-selection clause has no bearing on the issue of whether venue is 'wrong' or improper,' an arbitration agreement has no relevance to the question of whether a given case satisfies constitutional or statutory definitions of jurisdiction." <u>City of Benkelman v. Baseline Engineering Corp.</u>, 867 F.3d 875, 880-81 (8th Cir. 2017) (citations omitted); accord. <u>Ruiz v. Donahoe</u>, 784 F.3d 247, 249 (5th Cir. 2015) (arbitration procedures in contracts "are waivable and do not affect this

3

court's subject-matter jurisdiction."); Auto Mechanics Local 701 Welfare & Pension Funds v. Vanguard Car Rental USA, Inc., 502 F.3d 740, 743 (7th Cir. 2007) ("Enforcement of a forum selection clause (including an arbitration clause) is not jurisdictional . . ."). The Eighth Circuit in City of Benkelman analogized to the U.S. Supreme Court's decision in Atlantic Marine Constr. Co. v. U.S. District Court for the Western District of Texas, 571 U.S. 49, 55 (2013), where it was held, "Whether venue is 'wrong' or 'improper' depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws, and those provisions say nothing about a forum-selection clause." It is further axiomatic that by private agreements, including agreements to arbitrate, "no action of the parties can confer subject-matter jurisdiction upon a federal court," Insurance Corp. of Ireland v. Compagnie Des Bauxites De Guinee, 456 U.S. 694, 702 (1982), nor can private agreements defeat subject-matter jurisdiction: "Subject-matter jurisdiction properly comprehended refers to a tribunal's power to hear a case, and can never be forfeited or waived." Union Pacific Railroad v. Bd. of Locomotive Engineering & Trainmen, 558 U.S. 67, 69 (2009) (quotations omitted).

Finally, Plaintiff cites Ziarno v. Gardner Carton & Douglas, LLP, 2004 U.S. Dist. LEXIS 7030 (E.D. Pa. Apr. 8, 2004). This case mostly supports the Defendants' position, where this Court decided a threshold question of personal jurisdiction and granted a motion to dismiss for lack of personal jurisdiction, without ordering the parties to proceed to arbitration. The Court stated in dicta that it would have dismissed the case, alternatively, because the parties had an agreement to arbitrate. Ziarno is distinguished on multiple grounds. First, Ziarno did not have the benefit of the U.S. Supreme Court's ruling New Prime, where it was held that the exclusion to the FAA under 9 U.S.C. § 1 must be determined before ordering the parties to arbitrate.

Second, where <u>Ziarno</u> stated in dicta, and without citation to authority, that "this Court does not have subject matter jurisdiction over the claim" by virtue of an arbitration agreement, that is patently incorrect as a matter of law based on the U.S. Supreme Court's decisions in <u>Insurance Corp. of Ireland</u>, <u>Union Pacific Railroad</u>, and <u>Atlantic Marine Constr. Co.</u>, and their progeny, contrary to the Third Circuit's decision in <u>United Indus. Workers</u>, and contrary to the above-cited decisions by the U.S. Court of Appeals for the Eighth, Seventh, and Fifth circuits. Other district courts likewise recognize <u>Ziarno</u> as an aberration of the law, by an "unelaborated conclusion that failure to abide by a contractual condition precedent requiring mediation prior to suit deprives a court of subject matter jurisdiction." <u>Stone & Webster, Inc. v. Georgia Power Co.</u>, 968 F. Supp. 2d 1, 5 (D. D.C. 2013) (discussing <u>Ziarno</u>). <u>Ziarno</u> is not binding on this Court and, even if that were not so, its dicta should be disapproved or overruled based on the aforementioned authorities.

## CONCLUSION

**WHEREFORE**, for all the forgoing reasons, Defendants respectfully request that the Court deny Plaintiff's Cross-Motion for a Protective Order.

                                        **CORNERSTONE LAW FIRM, LLC**

Dated: <u>May 7, 2019</u>          By:    <u>/s/ David W. Crossett</u>
                                                      David W. Crossett, Esquire
                                                      Attorney I.D. #313031
                                                      Joel A. Ready, Esquire
                                                      Attorney I.D. # 321966
                                                      8500 Allentown Pike, Ste 3
                                                      Blandon, PA 19510
                                                      P (610) 926-7875
                                                      F (484) 930-0054
                                                      david@cornerstonelaw.us
                                                      joel@cornerstonelaw.us
                                                      *Counsel for Defendants*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LITIGATION SUPPORT SERVICES, LLC :<br>　　　　　　Plaintiff,　　　　　　　　:<br>　　　　　　　　　　　　　　　　　　　　:<br>　　v.　　　　　　　　　　　　　　　　:<br>　　　　　　　　　　　　　　　　　　　　:<br>ARKADIY LYAMPERT;　　　　　　　　:<br>and　　　　　　　　　　　　　　　　　　:<br>ELENA LYAMPERT;　　　　　　　　　:<br>and　　　　　　　　　　　　　　　　　　:<br>ANNA LYAMPERT;　　　　　　　　　　:<br>and　　　　　　　　　　　　　　　　　　:<br>EAA INVESTMENTS, LLC;　　　　　　:<br>and　　　　　　　　　　　　　　　　　　:<br>VRLA TECH, LLC;　　　　　　　　　　:<br>and　　　　　　　　　　　　　　　　　　:<br>VALLEY VIEW GRANTOR RETAINED :<br>INCOME TRUST;　　　　　　　　　　　:<br>and　　　　　　　　　　　　　　　　　　:<br>SECOND VALLEY VIEW GRANTOR　:<br>RETAINED INCOME TRUST,　　　　　:<br>　　　　　　Defendants.　　　　　　　:  | Civil Action No.: 2:19-cv-01574-ER<br><br><br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

## **CERTIFICATE OF SERVICE**

  I, David W. Crossett, Esquire, hereby certify that on the 7th day of May, 2019, a copy of a Defendant's Brief in Opposition to Plaintiff's Cross-Motion for a Protective Order, has been electronically filed, which provided electronic notice to the following:

George Bochetto, Esquire
Bochetto & Lentz, PC
1524 Locust Street
Philadelphia, PA 19102
*Counsel for Plaintiff*

               **CORNERSTONE LAW FIRM, LLC**
               /s/ David W. Crossett
               David W. Crossett, Esquire
               Penna. Attorney ID 313031