```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA


LITIGATION SUPPORT SERVICES,   :  CIVIL ACTION
LLC,                           :
                               :  NO. 19-01574
     Plaintiff,                :
                               :
v.                             :
                               :
ARKADIY LYAMPERT; ELENA        :
LYAMPERT; ANNA LYAMPERT; EAA   :
INVESTMENTS, LLC; VRLA TECH,   :
LLC; VALLEY VIEW GRANTOR       :
RETAINED INCOME TRUST; SECOND  :
VALLEY VIEW GRANTOR RETAINED   :
INCOME TRUST                   :
                               :
     Defendants.               :
```

## **O R D E R**

**AND NOW**, this **10th** day of **June, 2019**, upon consideration of Defendants' Motion to Dismiss or Transfer (ECF No. 3), Defendants' Motion to Disqualify Plaintiff's Counsel (ECF No. 4), and Plaintiff's Motion to Compel Arbitration and to Stay Proceedings (ECF No. 7), and following a hearing held on the record on June 10, 2019, it is hereby **ORDERED** as follows:

    1) Defendants' Motion to Disqualify Plaintiff's Counsel (ECF No. 4) is **DENIED**;[1]

---

[1] Considering the affidavits submitted by Defendants in support of their Motion to Disqualify, and assuming the averred

2) Defendants' Motion to Dismiss or Transfer (ECF No. 3) is **DENIED** as it pertains to dismissal, and **DENIED without prejudice** as it pertains to transfer;[2]

3) Plaintiff's Motion to Compel Arbitration and to Stay Proceedings (ECF No. 7) is **DENIED**;[3]

4) Plaintiff's Cross-Motion for Protective Order (ECF No. 9) is **DENIED as moot;**

5) Defendants' Motion for Leave to File a Reply (ECF No. 11) is **GRANTED**;

6) Plaintiff's Motion for Leave to File a Reply (ECF No. 14) is **GRANTED**;

7) Defendants' Motion to Amend/Correct (ECF No. 15) is **GRANTED**;

8) The parties must mediate this matter to completion within 30 days of the entry of this Order. If

---

facts to be true, the Court does not find a violation of Pennsylvania Rule of Professional Conduct 1.9(a).

[2] The Court finds that it has personal jurisdiction over all of the Defendants and that venue is proper in this forum. At an appropriate time, Defendants may refile a motion seeking transfer pursuant to 28 U.S.C. § 1404(a).

[3] The Court finds that the Long-Term Engagement Agreement ("LTEA") contains an agreement to arbitrate ("Para. 12"), and that the dispute falls within the scope of the agreement to arbitrate. See ECF No. 3 Ex. B ¶ 12. Further, the Court finds that Para. 12 provides for mediation as a condition precedent for arbitration, but that the parties have been unable to satisfy this condition precedent.

mediation is not concluded before the end of 30 days, regardless of the reason (unless extended by the Court), the parties shall proceed to the coin-toss provisions of Para. 12 of the LTEA and comply with the following steps.  Defendants' counsel, Jeff Farrow (or if Farrow is unavailable for any reason then another designee of Defendants) shall perform the coin-toss in the Chambers of Magistrate Judge Rueter at a date and time to be determined by Magistrate Judge Rueter.  In the event that Farrow or another designee of Defendants fails to complete the coin-toss in compliance with this Order, Plaintiff's counsel, George Bochetto, shall perform the coin-toss in the Chambers of Magistrate Judge Rueter;[4]

9) The parties shall attend a settlement conference with Magistrate Judge Reuter following the completion of the coin-toss;

10) Within 24 hours of the completion of the coin-toss, the parties shall file a joint statement explaining

---

[4] At the hearing, Bochetto represented to the Court that Farrow has indicated orally and in writing that Farrow is no longer representing Defendants.  Bochetto's representation was not contested.  Consistent with Para. 12, in light of Farrow's apparent unavailability, the Court orders these procedures to be followed.

the outcome of the coin-toss and which arbitration service has been selected by the winner, including the location of the arbitration proceedings;

11) The parties will attend a telephone status & scheduling conference at a date and time to be determined.

   **AND IT IS SO ORDERED.**

   */s/ Eduardo C. Robreno*
   *EDUARDO C. ROBRENO,    J.*