IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LITIGATION SUPPORT SERVICES, LLC, | : | CIVIL ACTION |
| | : | NO. 19-01574 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ARKADIY LYAMPERT; ELENA LYAMPERT; ANNA LYAMPERT; EAA INVESTMENTS, LLC; VRLA TECH, LLC; VALLEY VIEW GRANTOR RETAINED INCOME TRUST; SECOND VALLEY VIEW GRANTOR RETAINED INCOME TRUST | : | |
| | : | |
| Defendants. | : | |

**O R D E R**

**AND NOW**, this **17th** day of **July, 2019**, upon consideration of correspondence from Defendants, made of record (ECF No. 23), and following a telephone status and scheduling conference with counsel held on the record on July 17, 2019, it is hereby **ORDERED** as follows:[1]

---

[1] In email correspondence to the Court, Defendants stated that they did not have an attorney. ECF No. 23. However, at the telephone status and scheduling conference, counsel of record for Defendants, David Crossett, Esq., stated that he had not been terminated by the Defendants, and he had not sought to withdraw his representation. The Court is perplexed as to why Defendants made the statement that they no longer had an attorney.

1) The parties shall proceed to the coin-toss provisions of Para. 12 of the Long-Term Engagement Agreement.[2]

2) Magistrate Judge Rueter shall set a date and time for the coin-toss to be performed in the Chambers of Magistrate Judge Rueter, and shall require Defendants to designate the person who will appear on their behalf to perform the coin-toss.[3] In the event the designee of Defendants fails to attend or to complete the coin-toss in compliance with this Order, Plaintiff's counsel shall be deemed to have won the coin-toss.

3) The parties shall attend a settlement conference with Magistrate Judge Rueter following the completion of the coin-toss.

---

[2] Pursuant to the Court's Order of June 10, 2019, the parties were required to mediate this matter to completion within 30 days, and if mediation was not concluded before the end of 30 days, regardless of the reason (unless extended by the Court), the parties would proceed to the coin-toss provisions of the Long-Term Engagement Agreement. ECF No. 18 ¶ 8.

[3] At the hearing held on June 10, 2019, Plaintiff's counsel, George Bochetto, Esq., represented to the Court that Jeff Farrow, Esq., has indicated orally and in writing that Farrow is no longer representing Defendants. Bochetto's representation was not contested. Consistent with Para. 12 of the Long-Term Engagement Agreement, in light of Farrow's apparent unavailability, the Court orders these procedures to be followed.

4) Within 24 hours of the completion of the coin-toss, the parties shall file a joint statement explaining the outcome of the coin-toss and which arbitration service has been selected by the winner, including the location of the arbitration proceedings.

5) The parties will attend a telephone status & scheduling conference at a date and time to be determined.

**AND IT IS SO ORDERED.**

*/s/ Eduardo C. Robreno*
*EDUARDO C. ROBRENO,     J.*