**Nicole Spicer**

| | |
|---|---|
| **From:** | Anna Lyampert <Anna@vrlatech.com> |
| **Sent:** | Monday, August 26, 2019 2:17 AM |
| **To:** | RobrenoCorrespondence |
| **Cc:** | elyampert@yahoo.com |
| **Subject:** | Action 19-01574 Defendant's Opposition to Plaintiff's Correction to Order Request |
| **Attachments:** | Defendant's Opposition to Plaintiff's Correction to Order Request.pdf |

Anna Lyampert

21021 Erwin St. Apt 464
Woodland Hills, CA 91303
anna@vrlatech.com

August 25, 2019

Honorable Eduardo C. Robreno
United States District Judge for the Eastern District of Pennsylvania
Room 15614, Courtroom 15-A

Re: Action 19-01574 Defendant's Opposition to Plaintiff's Correction to Order Request

Dear Judge Robreno,

Attached please find Defendant's Opposition to Plaintiff's Correction to Order Request.

Respectfully,
Defendants

*[Handwritten annotation:] Order ① to be filed of record.*

*8/26/19 [signature]*

*① Do not communicate with the court directly or Ex parte except through the filings in the clerks office. Further correspondence with the court will not be considered.*

Dear Judge Robreno,

      I am writing to object to plaintiff's letter dated August 23, 2019 where plaintiff is requesting a correction of Your Honor's Order of August 20, 2019.

      We do not believe that any mistakes have been made by either LSS or the Court regarding the word "method" in the "Long Term Engagement Agreement" (LTEA) when Your Honor issued the order stating that "the venue of arbitration shall be Philadelphia; the forum of arbitration shall be the JAMS organization, and the arbitration shall be selected in accordance with JAMS procedural rules."

      We reiterate our argument that the definition of "method" does not permit plaintiff to choose the rules it wishes to choose in the arbitration proceedings. Without waiving my previous argument of the definition of "method" using the dictionary definition, I also would also like to point out that the Court can understand the meaning of the word "method" through a simple reading of the LTEA itself.

      Paragraph 12 of the LTEA states "if this mediation proves unsuccessful, LSS and Clients will submit to binding arbitration in an ***arbitration venue and forum*** chosen by Mr. Farrow and Mr. Bochetto." The following sentence states " If Mr. Farrow and Mr. Bochetto cannot agree on the ***method of arbitration***, each of them will suggest one, and it will be decided by coin toss to be performed by Mr. Farrow." It is best to understand the contract if you read it as a whole, the first of the two sentences of the arbitration provision give the definition of method as plaintiff intended it to mean "venue and forum." Simply, plaintiff and defense counsel were to try to figure out the venue and forum if mediation did not work. If the parties' counsel could not work together then the "method" (the venue and forum) would be figured out by a coin toss. In its new letter, plaintiff is now attempting to disguise its attempt to again expand on the word "method" to include deciding the arbitrator and the speed of the process. This is not fair to defendants, as plaintiff is trying to gain control in this case by wordplay. Also, it goes against the Court's recent Order, which in its footnote defines "method" as "forum and venue" using the same analysis as mentioned above.   Additionally, Plaintiff's "correction" letter appears to basically be an improper motion for reconsideration.  Further, adding insult to injury, it was plaintiff's choice to use the word "method" in drafting the arbitration provision and now plaintiff is using this ambiguous word choice against defendants.

      What is also frustrating is that if one goes back to the Complaint filed by plaintiff on March 14, 2019, it is clear that plaintiff also believed the word "method" only to mean "forum and venue." Paragraphs 62 through 72 under the subheading "Venue and Forum for Arbitration" shows that Plaintiff's understanding was that "forum and venue" were to be picked by the parties and that the coin toss was only there to "avoid allegations of bad faith." According to plaintiff's Complaint, the idea of choosing an expedited or streamlined procedure was not meant to be included in the word "method". This is further backed up by plaintiff's Count I which states:

      "Jams  (Philadelphia) is the proper forum for the arbitration between the parties.
  WHEREFORE, Plaintiff LSS demands an order by this Court directing Defendants and Plaintiff to engage in binding arbitration by the JAMS branch in Philadelphia, on standard rules of the JAMS arbitration service."

It is interesting to note that Plaintiff now is asking for streamlined arbitration under the JAMS rules. The first rule under the streamlined process states:

(a) The JAMS Streamlined Arbitration Rules and Procedures ("Rules") govern binding Arbitrations of disputes or claims that are administered by JAMS and in which the Parties agree to use these Rules or, in the absence of such agreement, no disputed claim or counterclaim exceeds $250,000, not including interest or attorneys' fees, unless other Rules are prescribed. This rule can be found on JAMS website - https://www.jamsadr.com/rules-streamlined-arbitration/

In the Count section in its Complaint, plaintiff seems to be asking for seven figures in damages (Pages 15-18 of the Complaint). Yet, plaintiff now wants the streamlined JAMS procedure, which is: (1) contrary to what it asked for in the Complaint; (the standard procedure) and (2) only is allowed in cases up to $250,000.00.

Thus, we believe that the Order dates August 20, 2019 has no mistakes and does not need to be corrected.

Respectfully,
Defendants